**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERRY WAYNE SHUE, JR., | No. 09-15734 |
| Petitioner - Appellant, | D.C. No. 1:05-cv-00504-AWI-JMD |
| v. | |
| D. K. SISTO, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, Chief District Judge, Presiding

Argued and Submitted July 14, 2011
San Francisco, California

Before: SILVERMAN and GRABER, Circuit Judges, and LYNN,[**] District
Judge.

Petitioner Jerry Wayne Shue, Jr., appeals from the district court's denial of

habeas relief under 28 U.S.C. § 2241.  We granted a certificate of appealability

with respect to two issues.  First, Petitioner claims that the state violated its

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Barbara M.G. Lynn, United States District Judge for
the Northern District of Texas, sitting by designation.

obligations under Brady v. Maryland, 373 U.S. 83 (1963). Second, Petitioner claims that his lawyer rendered constitutionally deficient assistance at trial. We review de novo the district court's decision. Kemp v. Ryan, 638 F.3d 1245, 1254 (9th Cir. 2011). Because the California Supreme Court summarily denied Petitioner's state habeas petition without stating its reasons for doing so, Petitioner bears the burden of showing that "there was no reasonable basis for the state court to deny relief." Harrington v. Richter, 131 S. Ct. 770, 784 (2011). Because Petitioner has failed to carry that burden, we affirm.

A.    The Brady Claim

Petitioner first argues that the state violated Brady when it did not disclose a witness' prior conviction for felony welfare fraud. To establish that claim, Petitioner must show, inter alia, "'a reasonable probability that, had the [witness' conviction] been disclosed to the defense, the result of the proceeding would have been different.'" Kyles v. Whitley, 514 U.S. 419, 433 (1995) (quoting United States v. Bagley, 473 U.S. 667, 682 (1985)). "A reasonable probability of a different result is . . . shown when the government's evidentiary suppression undermines confidence in the outcome of the trial." Id. at 434 (internal quotation marks omitted). In the circumstances, we hold that the California Supreme Court

reasonably could have concluded that suppression[1] of the witness' conviction did not undermine confidence in the outcome of the trial.

At trial, Petitioner argued to the jury that he had committed voluntary manslaughter, not murder, because he acted in the heat of passion while intoxicated. The witness' testimony somewhat supported Petitioner's defense. She confirmed that Petitioner had been drinking heavy liquor at the bar where she worked since 2 p.m. on the afternoon of the murder. When she later arrived at the bar to start her shift, she noticed that Petitioner's eyes were dilated. She described in detail the violent fight in which Petitioner and her husband, the victim, were involved later that night. When Petitioner arrived at her home early the next morning, the witness testified that Petitioner broke through her front door while yelling profanities. That testimony did not necessarily contradict Petitioner's theory that he killed his victim while intoxicated and in the heat of passion. We therefore hold that the California Supreme Court reasonably could have concluded that, even if Petitioner had used the witness' prior conviction to impeach her

---

[1] The state argues that it did not suppress the conviction because Petitioner could have discovered it on his own. We assume, without deciding, that the state's failure to advise Petitioner of the conviction constitutes "suppression" within the meaning of the Brady rule. Even under that assumption, Petitioner's Brady claim fails because the California Supreme Court reasonably could have concluded that he has not established prejudice.

testimony, there is no reasonable probability that the trial would have turned out differently.

B.    The Ineffective Assistance of Counsel Claim

Petitioner similarly had to establish prejudice to succeed on his ineffective assistance of counsel claim. Specifically, Petitioner had to show both that his lawyer's performance was objectively unreasonable in the circumstances and that he was prejudiced by his lawyer's deficient assistance. Fairbank v. Ayers, 632 F.3d 612, 617 (9th Cir. 2011). Because the witness' testimony generally supported Petitioner's defense, we hold that the California Supreme Court reasonably could have concluded that Petitioner was not prejudiced by his lawyer's failure to impeach the state's witness with her prior conviction.

Petitioner also claims that his lawyer rendered deficient assistance by failing to impeach the witness with several prior inconsistent statements. Although the witness' prior statements tended to support Petitioner's manslaughter defense, we cannot say that any reasonable jurist would be compelled to think that Petitioner would have been convicted of manslaughter, and not murder, had those statements been used to impeach the witness. Richter, 131 S. Ct. at 784. Our exacting standard of review therefore requires that we affirm.

AFFIRMED.

4